IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA f/u/b NATIONAL FIRE PROTECTION, LLC | * * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-209 |
| | * | |
| SELECTIVE INSURANCE COMPANY | * | |
| and | | |
| DCM ARCHITECTURE AND ENGINEERING, LLC, | * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This action is brought by the United States of America for the Use and Benefit of National Fire Protection, LLC ("NFP") against Defendants Selective Insurance Company of America ("Selective") and DCM Architecture and Engineering, LLC ("DCM') regarding DCM's alleged breach of a subcontract with NFP. DCM has initiated a proceeding with the American Arbitration Association pursuant to the same project and contract, bringing its own claims related to the alleged breach.

Defendants filed a Motion to Dismiss, ECF No. 24, asserting that the subcontract contains an enforceable arbitration clause that deprives the Court of jurisdiction. Plaintiff has filed a motion for summary judgment, ECF No. 18, asking the Court to find the arbitration clause unenforceable as a matter of law. Plaintiff has also filed a motion for preliminary injunction, ECF No. 20, asking the Court to stay the arbitration proceedings. No hearing is necessary. See

1

Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss, ECF No. 24, is denied. Plaintiff's Motion for Summary Judgment, ECF No. 18, is granted, and Plaintiff's Motion for Preliminary Injunction, ECF No. 20, is denied as moot.[1]

I. **BACKGROUND**[2]

DCM was the general contractor on a project in Woodlawn, Maryland, pursuant to a prime contract with the United States General Services Administration. ECF No. 15 ¶ 15. DCM and NFP contracted for NFP to perform fire sprinkler work for the project in exchange for $92,580. *Id*. ¶ 10. NFP completed the project on August 29, 2017, but DCM did not pay the agreed-upon amount. *Id*. ¶¶ 11, 14. The contract between the parties states that the "[DCM], at its sole discretion, may demand arbitration" and "[a]ny claim arising out of or related to the contract shall, at [DCM's] sole discretion, be subject to arbitration." ECF No. 18-2 at 10, 17.[3] The contract also provides that its terms shall by governed by the state law where the project is located. ECF No. 18-2 at 17.

On November 13, 2017, DCM filed an arbitration demand pursuant to these clauses against NFP for $149,000. ECF No. 15 ¶¶ 19-20. On January 23, 2018, NFP filed its first Complaint in federal district court. ECF No. 1.

II. **STANDARD OF REVIEW**

Defendants move to dismiss for lack of subject-matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1), arguing that the arbitration clause strips this Court of jurisdiction to consider Plaintiff's claims. *See* ECF No. 24-1 at 3. In a challenge to the factual basis for subject-matter

---

[1] Defendant's Motion to Dismiss, ECF No. 14, is denied as moot due to Plaintiff's timely filing of an Amended Complaint, ECF No. 15, as of right. *See* Fed. R. Civ. P. 15(a)(1)(B).
[2] The facts relied on herein are undisputed. For the purposes of the Motion to Dismiss, ECF No. 24, all facts and reasonable inferences are viewed in the light most favorable to the Plaintiff. For the purposes of the Motion for Summary Judgment, ECF No. 18, all facts and inferences are viewed in the light most favorable to the Defendants.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

jurisdiction such as this one, it is the plaintiff's burden to prove that subject-matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Court is to "regard the pleadings' allegations as mere evidence on the issue," and applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id*.

Plaintiffs, on the other hand, seek summary judgment on Count II of the Complaint, asking for a declaratory judgment that the arbitration clauses in the contract are unenforceable as a matter of law. Summary judgment is appropriate when the pleadings and evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. DISCUSSION

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes a "federal policy favoring arbitration," and the Court must "resolve any doubts concerning the scope of arbitrable issues in favor of arbitration." *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 605 (4th Cir. 2013) (cleaned up). This policy requires courts to "place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id*. at 606 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

Arbitration agreements may still be "invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."

3

*Concepcion*, 563 U.S. at 339 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). "Generally, the rights and obligations under the parties' contract are governed by state law." *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 474 (1989). The parties do not dispute that Maryland law governs the contract here. *See* ECF No. 18-2 at 17. Therefore, the Court must determine whether, under Maryland law and the FAA, the arbitration provisions at issue are enforceable.

This case is governed squarely by the Court of Appeals ("COA") of Maryland's decision in *Cheek v. United Healthcare*, 378 Md. 139 (Md. 2003), which was applied by the Fourth Circuit in *Noohi*. In *Cheek*, the Maryland COA considered whether an arbitration agreement between an employer and employee in which the employer reserved the right to "alter, amend, modify, or revoke the Policy at its sole and absolute discretion" was void for lack of consideration. *Cheek*, 378 Md. at 142. The employer contended the agreement was enforceable because it promised to "provide [the employee] employment for . . . [his] promise to abide by the terms of the arbitration agreement," but the court disagreed. *Id*. at 145. Explaining that "[a] promise becomes consideration for another promise only when it constitutes a binding obligation," the Maryland COA held instead that the agreement was an "illusory promise:" one that did "not actually bind or obligate the [employer] to anything." *Id*. at 148. Because Maryland considers an "arbitration clause of a larger contract to be severable" from the remainder of the contract, it requires consideration for the arbitration agreement itself. *Id*. at 153. The COA held that "[i]n an enforceable arbitration agreement . . . each party has promised to arbitrate disputes arising from an underlying contract, and each promise provides consideration for the other." *Id*. (internal quotations omitted). But where only one party has the "sole and absolute discretion" to

4

arbitrate, there has been no mutual exchange of promises to arbitrate, and the agreement is void for lack of consideration. *Id*.

In *Noohi*, the Fourth Circuit applied *Cheek* to an arbitration agreement between a class of home buyers and a real estate development company. 708 F.3d at 601. After finding that *Cheek* requires that "consideration for an arbitration provision must be in the provision itself," *id*. at 609, the Fourth Circuit considered whether *Cheek* was "inconsistent with the Supreme Court's holding in *Concepcion* because it singles out arbitration provisions by imposing on them a requirement inapplicable to other contract provisions," and thus was preempted by the FAA, *id*. at 605.[4] Recognizing that the "Supreme Court has long held that '[courts] may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration provisions,'" the court nonetheless concluded that *Cheek* "treat[s] an arbitration provision like any stand-alone contract, requiring consideration." *Id*. at 612 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (emphasis in original)). The court explained that *Cheek* does not disfavor arbitration; rather, it encourages both parties to "bind themselves to arbitrate." *Id*. at 613.

Two clauses of the contract at issue here make reference to arbitration. The first reads: "Contractor, at its sole discretion, may demand arbitration. Any arbitration action filed will be conducted in accordance with the American Arbitration Association rules for Construction Arbitration Disputes. The venue for this Arbitration, if arbitration is elected by the Contractor will be at the Contractor's office." ECF No. 18-2 at 10. The second reads:

> Any claim arising out of or related to the contract shall, at the Contractor's sole discretion, be subject to arbitration. Prior to arbitration or litigation, the parties shall endeavor to resolve disputes by mediation under the Rules of Construction of the American Arbitration Association . . . Claims not resolved by mediation shall, at the sole and exclusive option of Contractor shall (sic) be decided by arbitration in accordance

---

[4] Where a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of a federal statute, the federal statute preempts the state law. *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941); *see also Concepcion*, 563 U.S. at 352.

5

> with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.

ECF No. 18-2 at 17.

There can be no doubt that the contract vests DCM with the sole and absolute power to initiate arbitration proceedings. The contract unambiguously states twice that DCM has "sole discretion" and once that it has "the sole and exclusive option" to initiate arbitration proceedings. ECF No. 18-2 at 10, 17. Under *Cheeks*, because an arbitration clause is severable from the remainder of the contract, a bargain to arbitrate requires its own consideration. No such consideration is present here, and therefore *Cheeks* and *Noohi* require this arbitration clause to be found unenforceable.

Defendants argue that *Cheeks* and *Noohi* are inapplicable, explaining that the contract does not bind NFP to arbitrate, but instead only gives DCM the ability to "demand arbitration." ECF No. 26 at 6. Defendants seem to suggest that the contract allows DCM to demand arbitration, but that "NFP was free to reject the demand." *Id*. at 7. This interpretation strains credulity. Indeed, Defendants have already taken a different position during this litigation, as they filed a motion to dismiss for lack of subject-matter jurisdiction in which they argued that "[o]n November 13, 2017, DCM initiated binding arbitration" and claimed that the arbitration agreement stripped the federal court of jurisdiction. ECF No. 24-1 at 3,8. The only question before the Court today is whether to dismiss or stay this case pending the outcome of arbitration. If Defendants no longer seek enforcement of the arbitration agreement, the Court has no need to dismiss or stay the case.

Defendants briefly make two other arguments. First, Defendants raise in their Opposition to Plaintiff's Motion for Preliminary Injunction, for the first time, improper venue due to a forum selection clause in the contract. ECF No. 25 at 7. They raise this argument again in the Reply

6

Brief for their Motion to Dismiss. ECF No. 30 at 3. As Defendants did not raise their challenge to the venue of this dispute in their first Motion to Dismiss or a responsive pleading, their challenge is waived. *See* Fed. R. Civ. P. 12(b)(3); Fed. R. Civ. P. 12(h)(1); *see also Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) (challenge to venue was waived when it was omitted from the opening brief); *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) ("A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed. R. Civ. P. 12(b)(3).")

Next, in their Opposition to Plaintiff's Motion for Summary Judgment, Defendants argue that Count II does not allege an actual controversy because two other subcontracts between the parties also contain arbitration clauses that have not been challenged here, and that the arbitration would thus continue regardless of the outcome of this action. ECF No. 26 at 7-8. An allegation that Plaintiffs have not alleged a case or controversy is a question of the Court's subject-matter jurisdiction under Article III, so it may be raised at any time. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Nonetheless, Defendants' argument fails. Plaintiff has asked the Court to hold that it is not required to arbitrate its Miller Act claims. ECF No. 19 at 7. That Plaintiff and Defendants may become engaged in arbitration of some other claims is irrelevant to whether there exists a valid case or controversy as to this specific claim before the Court.

**IV.     CONCLUSION**

Defendants' Motion to Dismiss, ECF No. 14, is denied as moot. Defendants' Motion to dismiss, ECF No. 24, is denied. Plaintiff's Motion for Summary Judgment on Count II of the Complaint, ECF No. 18, is granted and the Court declares that provisions 19.3, 37.1, and 37.2 of the contract are unenforceable. Plaintiff's Motion for Injunction Staying Arbitration, ECF No. 20, is denied as moot. A separate Order shall issue.

Date: December   17, 2018                                  _____/s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge